United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11343
Summary Calendar

SURESH DUTTA,

Plaintiff-Appellee,

versus

DAVID A. PISTENMAA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-2053-M
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David A. Pistenmaa, M.D., appeals the district court's denial in part of his summary judgment motion asserting a qualified immunity defense to the First Amendment retaliation claims of Suresh Dutta, M.D. The summary judgment evidence revealed two versions of the relevant facts. Dr. Dutta's version was that his employment contract was not renewed for his assistant professor position because he criticized the hospitals' disparate treatment of insured patients who could pay for services and uninsured ones

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who were indigent.  Dr. Pistenmaa's version was that the nonrenewal of Dr. Dutta's contract was based on Dr. Dutta's poor work habits, his hostile attitude, and his condescending and disrespectful treatment of staff and faculty members.

To establish a 42 U.S.C. § 1983 cause of action for a First Amendment claim of retaliation, an employee must show: (1) that he suffered an adverse employment action, (2) as a result of speech involving a matter of public concern, (3) that his interest in commenting on the matter of public concern outweighed the defendant's interest in promoting efficiency, and (4) that the adverse action was motivated by the protected speech.  Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 (5th Cir. 2003).  The district court denied summary judgment on the basis of, *inter alia*, the fourth factor, i.e., there were genuine issues of fact regarding causation.  Because the district court's decision falls into a non-appealable category, i.e., a genuine issue of fact exists regarding whether the defendant engaged in conduct that violated a clearly established constitutional right, this court lacks jurisdiction to hear this appeal.  See Kinney v. Weaver, 367 F.3d 337, 346 (5th Cir. 2004)(*en banc*).

DISMISSED FOR LACK OF JURISDICTION.